UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–4912 DSF (AGRx) | Date | 1/21/14 |
|---|---|---|---|
| Title | Victoria Hernandez v. The Bank of New York Mellon Trust Company, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 31)

    The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. ("Rule") 78, Local Rule 7-15. The hearing scheduled for January 27, 2014 is removed from the Court's calendar. See Fed. R. Civ. P. 78, Local Rule 7-15.

    On November 25, 2013, Plaintiff Victoria Hernandez filed her Second Amended Complaint (SAC), alleging four claims: (1) Unfair and Deceptive Business Practices in Loan Servicing; (2) Violation of the Real Estate Settlement Procedures Act (RESPA); (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Quiet Title. Defendants The Bank of New York Mellon Trust Company, N.A. f/n/a The Bank of New York Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, National Association, as Trustee, POOLING AND SERVICING AGREEMENT Dated as of April 1, 2006 Mortgage Asset-Backed Pass-through Certificates Series 2006-RP2 (BNY); Litton Loan Servicing LP (Litton); and Ocwen Loan Servicing, LLC (Ocwen)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

(collectively, Defendants)[1] move to dismiss the SAC.[2]  Although Defendants' Motion refers to a Request for Judicial Notice, no such Request was filed with this Motion.  For the reasons stated below, the Court GRANTS in part and DENIES in part Defendants' Motion.

## I.  INTRODUCTION

On June 14, 2005, Plaintiff executed a Deed of Trust securing a $465,500 adjustable rate mortgage for property located at 23250 Sierra Highway, Newhall, California 91321.  (SAC ¶27, Ex. B.)  Plaintiff alleges that: the loan agent filled out the application paperwork, Plaintiff was not given the opportunity to read the loan documents prior to signing them, Plaintiff noticed that the terms of the loan had changed when reviewing the loan documents on signing, and Plaintiff was not provided a copy of the loan documents until after the loan was signed and recorded.  (Id. ¶23.)  Plaintiff further alleges that she was unaware that the interest on the loan would only be fixed for two years, that the loan contained a prepayment penalty, and that there was a late charge of 5% of the principal and interest due.  (Id. ¶24.)  In 2007, Plaintiff's loan began to adjust, and she attempted to modify the loan.  (Id. ¶25.)  However, her application was denied, as were several subsequent applications.  (Id.)  A Notice of Default was recorded by BNY on August 13, 2008.  (Id. ¶26.)  Notices of Trustee's Sale were recorded on November 17, 2008; February 9, 2009; and April 10, 2012.  (Id.)

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original) (citations omitted) (internal quotation marks omitted).  But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] Although the SAC contains references to Defendant Quality Loan Service Corporation (Quality), Plaintiff filed a Notice of Dismissal of Quality on October 15, 2013.  (Docket No. 24.)

[2] The Court notes that Defendants' Motion violates Section 5(d) of the Court's Standing Order, which requires that all mandatory chambers copies be "blue-backed."  The Court reiterates that all mandatory chambers copies must comply with this rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original) (citation omitted) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original) (citation omitted) (internal quotation marks omitted).

In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted). However, the district court must consider several factors in determining whether leave to amend is proper, such as "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Id. (citation omitted); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen, 911 F.2d at 373; see also Cafasso, 637 F.3d at 1058.

### III.   DISCUSSION

### A.   Successor Liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Plaintiff alleges that BNY incurs all liability regarding "allegations of wrongdoing in the origination alleged in this Complaint[,]" as BNY is the "undisputed successor in interest to lender originator ALTERNATIVE and subsequently 'OPTION[.]'" (SAC ¶18.) However, the SAC does not contain any claims relating to loan origination. Therefore, the issue of successor liability is MOOT.

**B.     Unfair and Deceptive Business Practices in Loan Servicing**

"To have standing under California's UCL . . . plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009) (citing Cal. Bus. & Prof. Code § 17204). The UCL's "statutory language referring to 'any unlawful, unfair *or* fraudulent' practice . . . makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). As a California Court of Appeal explained in a situation involving a dispute between a business and a consumer, the test of unfairness to be applied involves "a weighing of the competing interests of the impact of the practice or act on its alleged victim . . . against the reasons, justifications and motives of the alleged wrongdoer." Pastoria v. Nationwide Ins., 112 Cal. App. 4th 1490, 1498 (2003) (ellipsis in original) (citation omitted) (internal quotation marks omitted).

Plaintiff's claim for UCL in Loan Servicing is almost identical to what she articulated in her FAC. Thus, as before, "[t]his is sufficient to allege a claim for UCL in Loan Servicing." (FAC Order at 6.) Although Defendants assert that a UCL claim for "unfair" conduct requires plaintiffs to allege "conduct that threatens an incipient violation of an antitrust law," (Motion at 7), they incorrectly rely on an opinion written specifically to address actions "by a competitor alleging anticompetitive practices." Cel-Tech, 20 Cal. 4th at 187 n.12. In fact, the California Supreme Court expressly cautioned: "Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.'" Id.

Defendants' Motion is DENIED as to this claim. As stated in the FAC Order, pursuant to the theory of continuous accrual, Plaintiff may only recover for damages arising from breaches falling within the four-year limitations period, or those occurring on or after May 24, 2009. (FAC Order at 7.)

**C.     Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601** *et seq.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Plaintiff also brings a RESPA claim against Ocwen for failing to provide a compliant response to Plaintiff's qualified written request (QWR) on February 14, 2013.[3] In its prior order, the Court found that Plaintiff's RESPA claim failed "because she does not allege facts sufficient to support her claim that Ocwen caused her alleged pecuniary losses." (FAC Order at 10.) Plaintiff's SAC fares no better, as Plaintiff again fails to allege sufficient facts to "show that the damages she claims were caused by the deficient responses of Ocwen." (Id.) While the SAC includes an additional paragraph stating that "Defendant's failure to respond to the QWR has resulted in additional interest, fees, and penalties[,]" (SAC ¶52), these "new" allegations are completely duplicative of those already contained–and deemed insufficient–in the FAC. (Compare id. and FAC ¶97.) These conclusory allegations are insufficient to state a claim under RESPA. The Court has already given Plaintiff an opportunity to amend this claim, and it is clear that any further amendment would be futile. This claim is DISMISSED WITH PREJUDICE.

**D.    Breach of Implied Covenant of Good Faith and Fair Dealing**

The purpose of the covenant of good faith and fair dealing is to "prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of that agreement actually made*." Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349 (2000) (emphasis in original). The covenant does not, as Plaintiff contends, protect against actions which prevent a plaintiff from "fulfilling her obligations under the contract." (SAC ¶74.) As in her prior complaint, Plaintiff's SAC fails to allege how Defendants' decision to deny Plaintiff's requests for a loan modification unfairly frustrates Plaintiff's ability to receive the benefits of her mortgage agreement; she has already received, and presumably spent, the $465,500 principal loan amount. The Court has already given Plaintiff an opportunity to amend this claim, and it is clear that any further amendment would be futile. This claim is DISMISSED WITH PREJUDICE.

**E.    Quiet Title**

Typically, a plaintiff cannot state a claim for quiet title without alleging tender. Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (stating that a plaintiff seeking to quiet title must allege that he has paid the amount due on his mortgage). "The cloud upon [a plaintiff's] title persists until the debt is paid." Aquilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974). In other words, a plaintiff "cannot clear [her] title without satisfying [her]

---

[3]While the SAC also asserts this claim against Quality, that defendant has been dismissed from this case. See supra note 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

debt." Id. at 477-78. "A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the Deed of Trust." Solomon v. Aurora Loan Servs. LLC, No. CIV. 2:12–209 WBS KJN, 2012 WL 2577559, at *10 (E.D. Cal. July 3, 2012) (citation omitted) (internal quotation marks omitted).

Here, Plaintiff alleges Defendants do not have any "right to title or interest" in the subject property, and therefore lacked the right to foreclose, as "at no point in time did the purported original beneficiary of the Deed of Trust, Alternative Financing Corp., assign their, or its, interest in the Property, as the true beneficiary, to BNY." (SAC ¶134.) However, Plaintiff's own allegations contradict her claim that BNY lacks beneficial interest, as she admits that "[a]n Assignment of Deed of Trust, recorded on March 7, 2012, assigned, granted and transferred all beneficial interest to BNY[,]" (SAC ¶4), and that "Defendant, BNY, is the undisputed successor in interest to lender originator ALTERNATIVE. . . [,]" (SAC ¶18).

Plaintiff has failed to satisfy–or demonstrate exemption from–the tender rule. Because Plaintiff cannot amend and plead around her contradictory allegations, this claim is DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

For the reasons above, Defendants' Motion is GRANTED in part and DENIED in part. Defendants are to file an answer to the Second Amended Complaint by February 14, 2014.

IT IS SO ORDERED.